UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AARON D., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )    1:22-cv-00238-JAW |
| | ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) |
| | ) |
|    Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has no severe impairments. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### THE ADMINISTRATIVE PROCEEDINGS AND FINDINGS

On February 8, 2018, an ALJ found that Plaintiff had a severe impairment of the lumbar spine and limited him to light, simple work, with limited interaction with others. (R. 187-88, 190.) The ALJ denied Plaintiff's disability claim, concluding that Plaintiff could perform other work available in the national economy. Plaintiff appealed from the

ALJ's decision. The Appeals Council vacated the decision and remanded the case for further administrative proceedings based on Plaintiff's challenge to the ALJ's authority under the Appointments Clause of the United States Constitution. (R. 203.) The Appeals Council remanded the case to a different ALJ, noting that any defect in the appointment was cured by the remand because the then-Acting Commissioner had ratified all ALJ appointments and approved them as her own. (*Id*.) The Appeals Council ordered the new ALJ to provide Plaintiff "an opportunity for a hearing, address the evidence which was submitted with the request for review, take any further action needed to complete the administrative record and issue a new decision." (*Id*.)

On remand, the ALJ found that Plaintiff did not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) Plaintiff's ability to perform basic work-related activities for twelve consecutive months. (R. 24.) The ALJ, therefore, found at step 2 that Plaintiff did not have a severe impairment and thus was not disabled. (R. 28.)

The Commissioner's final decision is the August 2, 2021, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1]

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y*

---

[1] Because the Appeals Council found no reason to review that decision (R. 1.), Defendant's final decision is the ALJ's decision.

*of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred when he failed to base his determination on the findings made by the prior ALJ in the previous decision.  The authority Plaintiff cites is inapplicable here. Even if there are some circumstances that require a subsequent ALJ to adopt a prior ALJ's findings on certain issues, no such circumstances exist in this case. Plaintiff essentially argues that the ALJ should adopt the findings of an ALJ whose authority Plaintiff challenged.  In its remand order, the Appeals Council cited Plaintiff's challenge to the ALJ's appointment and directed a different ALJ to conduct the review, which, in the Council's view, would cure any appointment defect.  If the ALJ were required to adopt the findings of the prior ALJ, the appointment defect, if any, would not be cured as the Appeals Council anticipated when it remanded the matter.  The ALJ did not err when he declined to adopt the findings of the prior ALJ.

The issue generated by Plaintiff's complaint is whether the ALJ erred when he determined that Plaintiff did not have a severe impairment. The ALJ found that Plaintiff had four medically determinable impairments: lumbar spine degenerative disc disease,

3

obesity, anxiety disorder, and depressive disorder.  He rejected Plaintiff's fibromyalgia claim.

At step 2 of the sequential evaluation process, a social security disability claimant must establish the alleged conditions are severe, but the burden is de minimis and is designed merely to screen out groundless claims.  *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123-24 (1st Cir. 1986).  The ALJ may find that an impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85–28).  In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis.  *Id.*  An impairment must meet the 12-month durational requirement to be considered "severe."  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii); *Mulero v. Comm'r of Soc. Sec.*, 108 F. App'x 642, 644 (1st Cir. 2004) (to be severe, impairment must satisfy durational requirement).

In concluding that Plaintiff's back condition did not constitute a severe impairment, the ALJ relied principally on the July 30, 2016, consultative report of Jose Rabelo, M.D., in which report Dr. Rabelo found Plaintiff's degenerative disc disease to be non-severe. (R. 26.)  Plaintiff contends the ALJ erred when he afforded great weight to Dr. Rabelo's opinion largely because the opinion was inconsistent with the opinions Robert Phelps, M.D. offered before and after Dr. Rabelo's opinion.

4

"[A] DDS non-examining expert's report cannot stand as substantial evidence in support of an administrative law judge's decision when material new evidence has been submitted [that] call[s] the expert's conclusions into question." *Eaton v. Astrue*, Civil No. 07-188-B-W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008). An ALJ may, however, rely on experts' reports despite later-submitted evidence when the new evidence "does not call into question [the experts'] conclusions." *Emily A. v. Saul*, No. 2:19-cv-00071-JDL, 2020 WL 2488576, at *7 (D. Me. May 14, 2020).

Because this matter has included two administrative hearings and a successful appeal to the Appeals Council, nearly five years passed between Dr. Rabelo's assessment and Dr. Phelps' 2021 examination. While the ALJ correctly notes that Dr. Phelps' report contains multiple historical references, the report also includes Dr. Phelps' observations and examination findings. As to Plaintiff's lumbar spine, in 2021 Dr. Phelps found Plaintiff to be limited to 15 degrees of left side bending and 15 degrees of lumbar extension. (R. 1000.) In his 2015 report reviewed by Dr. Rabelo, Dr. Phelps measured Plaintiff's left side bending to be limited to 20 degrees and his lumbar extension to be limited to 25 degrees. (R. 606.) In 2015, Dr. Phelps found that Plaintiff could tandem walk, squat with knee and low back pain, and arise from a squatting position, but in 2021, he could only tandem walk "unsteadily," squat to only 80 degrees of knee flexion, and arise from only a partial squatting position. (R. 606, 999.) Although an ALJ cannot make a definitive clinical determination based on Dr. Phelps' findings, at a minimum, Dr. Phelps' observations and findings (as opposed to any assessment based on Plaintiff's history or reported limitations) suggest Plaintiff's back condition has worsened since the

time of Dr. Phelps' prior exam (2015) and Dr. Rabelo's record review (2016).

The results of Dr. Phelps' basic tests of Plaintiff's lumbar spine, which tests were conducted five years after Dr. Rabelo's record review, are sufficient to call into question the materiality of Dr. Rabelo's assessment upon which the ALJ placed great weight to conclude that Plaintiff's back condition was non-severe (i.e., that the condition would have no more than a minimal effect on Plaintiff's work capacity). The limited written findings of Dr. Rabelo generate further questions. Dr. Rabelo did not provide a narrative explanation of his assessment. Instead, his "assessment" consists of reference to a limited number of findings in the record. (R. 165.) Presumably, Dr. Rabelo referenced the findings he found significant and supportive of his "non severe" determination. His "assessment" includes reference to the finding that Plaintiff could tandem walk and squat. (*Id.*) In 2021, Dr. Phelps found Plaintiff could only tandem walk "unsteadily," could squat only to 80 degrees knee flexion, and could only arise from a partial squatting position. The 2021 findings show what appear to be notable changes in Plaintiff's ability to perform certain functions Dr. Rabelo found to be material to his "non severe" determination. At a minimum, the changes "call into question" the ongoing reliability of Dr. Rabelo's 2016 opinion on the issue of whether Plaintiff has satisfied his "de minimus" burden at step 2. *McDonald*, 795 F.2d at 1123-24. The ALJ, therefore, could not supportably rely on Dr. Rabelo's opinion. Remand is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand for further proceedings.[2]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 12th day of June, 2023.

---

[2] Because I recommend remand based on that the ALJ's step 2 determination regarding Plaintiff's lumbar spine degenerative disc disease, I have not addressed Plaintiff's other claimed errors.